UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD G. DANLEY, | ) | 1:11-cv—00123-LJO-SKO-HC |
| | ) | |
|         Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS THE PETITION WITHOUT |
| | ) | LEAVE TO AMEND FOR FAILURE TO |
|     v. | ) | STATE A COGNIZABLE CLAIM (Doc. 1) |
| | ) | AND TO DECLINE TO ISSUE A |
| THE ATTORNEY GENERAL OF THE | ) | CERTIFICATE OF APPEALABILITY |
| STATE OF CALIFORNIA, | ) | |
| | ) | OBJECTIONS DEADLINE: |
|         Respondent. | ) | THIRTY (30) DAYS |
| | ) | |
| _____ | ) | |

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on January 26, 2011.

    I.  <u>Screening the Petition</u>

      Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1   The Court must summarily dismiss a petition "[i]f it plainly
2   appears from the petition and any attached exhibits that the
3   petitioner is not entitled to relief in the district court...."
4   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
5   1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
6   1990).  Habeas Rule 2(c) requires that a petition 1) specify all
7   grounds of relief available to the Petitioner; 2) state the facts
8   supporting each ground; and 3) state the relief requested.
9   Notice pleading is not sufficient; rather, the petition must
10  state facts that point to a real possibility of constitutional
11  error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
12  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
13  Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
14  that are vague, conclusory, or palpably incredible are subject to
15  summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
16  Cir. 1990).

17       Further, the Court may dismiss a petition for writ of habeas
18  corpus either on its own motion under Habeas Rule 4, pursuant to
19  the respondent's motion to dismiss, or after an answer to the
20  petition has been filed.  Advisory Committee Notes to Habeas Rule
21  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
22  (9th Cir. 2001).

23       Here, Petitioner alleges that he is an inmate of the
24  California Substance Abuse Treatment Facility (CSATF) at
25  Corcoran, California, serving a sentence of seventeen (17) years
26  to life for a conviction of second degree murder sustained in the
27  Los Angeles County Superior Court.  (Pet. 1.)  Petitioner
28  challenges the decision of the California Board of Parole

1  Hearings (BPH) made on February 5, 2008, finding Petitioner
2  unsuitable for parole.  (Pet. 79-88.)

3       It appears from the allegations of the petition and attached
4  documentation that Petitioner voluntarily declined to attend the
5  suitability hearing.  The transcript of the hearing reflects that
6  the Presiding Commissioner recited that Petitioner had signed an
7  institutional form stating that he did not personally wish to
8  attend his hearing, but he did desire to be represented by
9  counsel.  (Pet. 50.)  It has thus been demonstrated that
10  Petitioner received advance notice of the hearing and waived his
11  right to attend in writing.

12       The petition further reflects that John Ibrahim,
13  Petitioner's attorney, attended the hearing and was given an
14  opportunity to be heard.  Counsel confirmed that Petitioner did
15  not want to appear; he had no "ADA issues; he did not object to
16  any panel members; his rights had been met; and the Board's
17  proceeding on a particular report was permissible.  Counsel for
18  Petitioner affirmatively argued that Petitioner was suitable for
19  parole.  (Pet. 51-52, 54-55, 66, 74-78.)  Therefore, Petitioner
20  had an opportunity to be heard.

21       The attachments to the petition demonstrate that Petitioner
22  received a written statement of the reasons for the decision and
23  the evidence relied upon.  Petitioner attached to the petition a
24  copy of the BPH's decision, which explained the reasons for
25  denial of parole and the evidence relied upon by the board.
26  (Pet. 79-88.)  The BPH's decision reflects that the BPH relied on
27  the commitment offense, Petitioner's history of alcohol-related
28  disciplinary offenses in prison, his anger, an unsupportive

3

psychiatric report, and inadequate parole plans. (Id.)  The court concludes that Petitioner received a statement of reasons and identification of the pertinent evidence supporting the decision.

Petitioner asks this Court to review whether there was some evidence to support the conclusion that Petitioner was unsuitable for parole because he posed a current threat of danger to the public if released. (Pet. 10-11, 90-93.)  Petitioner complains that the Board 1) proceeded without all existing evidence before it; 2) failed to refer to a psychiatric report, and 3) improperly relied on the unchanging factor of the commitment offense. (Pet. 4-5.)  Petitioner also alleges that in denying Petitioner's habeas petition, the state trial court failed to review the psychiatric report and parole plans, and relied on non-violent criminal history. (Pet. 5.)

II.  Failure to Allege a Claim Cognizable on Habeas Corpus

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

4

1    The Supreme Court has characterized as reasonable the
2 decision of the Court of Appeals for the Ninth Circuit that
3 California law creates a liberty interest in parole protected by
4 the Fourteenth Amendment Due Process Clause, which in turn
5 requires fair procedures with respect to the liberty interest.
6 Swarthout v. Cooke, 562 U.S. -, - S.Ct. -, 2011 WL 197627, *2
7 (No. 10-133, Jan. 24, 2011).

8    However, the procedures required for a parole determination
9 are the minimal requirements set forth in Greenholtz v. Inmates
10 of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]
11 Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court
12 rejected inmates' claims that they were denied a liberty interest
13 because there was an absence of "some evidence" to support the
14 decision to deny parole.  The Court stated:

15       There is no right under the Federal Constitution
16       to be conditionally released before the expiration of
         a valid sentence, and the States are under no duty
17       to offer parole to their prisoners.  (Citation omitted.)
         When however, a State creates a liberty interest,
18       the Due Process Clause requires fair procedures for its
         vindication—and federal courts will review the
19       application of those constitutionally required procedures.
         In the context of parole, we have held that the procedures

20

21       [1] In Greenholtz, the Court held that a formal hearing is not required
    with respect to a decision concerning granting or denying discretionary
    parole; it is sufficient to permit the inmate to have an opportunity to be
22    heard and to be given a statement of reasons for the decision made.  Id. at
    16.  The decision maker is not required to state the evidence relied upon in
23    coming to the decision.  Id. at 15-16.  The Court reasoned that because there
    is no constitutional or inherent right of a convicted person to be released
24    conditionally before expiration of a valid sentence, the liberty interest in
    discretionary parole is only conditional and thus differs from the liberty
25    interest of a parolee.  Id. at 9.  Further, the discretionary decision to
    release one on parole does not involve retrospective factual determinations,
    as in disciplinary proceedings in prison; it is generally more discretionary
26    and predictive, and thus procedures designed to elicit specific facts are
    unnecessary.  Id. at 13.  In Greenholtz, the Court held that due process was
27    satisfied where the inmate received a statement of reasons for the decision
    and had an effective opportunity to insure that the records being considered
28    were his records, and to present any special considerations demonstrating why
    he was an appropriate candidate for parole.  Id. at 15.

5

1
2
3
4

> required are minimal.  In <u>Greenholtz</u>, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

5
6

<u>Swarthout</u>, 2011 WL 197627, *2.  The Court concluded that petitioners had received due process for the following reasons:

7
8

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....

9
10

> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

11
12
13
14
15

<u>Swarthout</u>, 2011 WL 197627, *3.  The Court in <u>Swarthout</u> expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Due Process Clause of the Fourteenth Amendment.  <u>Id.</u> at *3.

16
17
18
19
20
21
22
23
24
25

Here, a review of Petitioner's allegations and arguments reflects that Petitioner's essential claim is that California's "some evidence" standard was erroneously applied in his case.  It is precisely this type of challenge to the application of California's parole laws that <u>Swarthout</u> determined is not cognizable on federal habeas corpus.  <u>Swarthout</u>, 2011 WL 197627, *3.  Because California's "some evidence" requirement is not a substantive federal requirement, Petitioner has not stated facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief.

26
27
28

To the extent that Petitioner's claim rests on state law, it is not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise

to the level of a federal constitutional violation.  <u>Wilson v.</u>
<u>Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16 (2010); <u>Estelle v.</u>
<u>McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged errors in the
application of state law are not cognizable in federal habeas
corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th Cir. 2002).

Accordingly, Petitioner's claim or claims concerning the
adequacy of the evidence to support the BPH's decision and the
propriety of the BPH's weighing of the evidence do not state a
violation of due process of law or other basis for habeas relief.

The Court notes that Petitioner does not allege that the
procedures used for determination of his suitability for parole
were deficient because of the absence of an opportunity to be
heard or a statement of reasons for the ultimate decision
reached.  Further, Petitioner does not contradict the factual
recitations and assertions that appear in the transcript of the
parole proceedings and other documentation attached to the
petition.  Petitioner voluntarily declined to attend the parole
hearing before the Board, but he was nevertheless represented by
counsel who was present at the hearing and argued on Petitioner's
behalf.  Petitioner received a statement of the evidence relied
upon and the Board's reasons for denying parole.

It therefore appears from the face of the petition and the
attached, uncontradicted documentation that Petitioner was not
denied parole without the requisite due process of law.  It is
further concluded that no tenable claim for relief could be
pleaded were Petitioner granted leave to amend the petition.
<u>See</u>, <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).
///

1   Accordingly, the court recommends that the petition be
2   dismissed without leave to amend for the failure to allege facts
3   that point to a real possibility of constitutional error or that
4   would otherwise entitle Petitioner to habeas relief.[2]

5   III.   Certificate of Appealability

6   Unless a circuit justice or judge issues a certificate of
7   appealability, an appeal may not be taken to the Court of Appeals
8   from the final order in a habeas proceeding in which the
9   detention complained of arises out of process issued by a state
10  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
11  U.S. 322, 336 (2003).  A certificate of appealability may issue
12  only if the applicant makes a substantial showing of the denial
13  of a constitutional right.  § 2253(c)(2).  Under this standard, a
14  petitioner must show that reasonable jurists could debate whether
15  the petition should have been resolved in a different manner or
16  that the issues presented were adequate to deserve encouragement
17  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
18  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
19  certificate should issue if the Petitioner shows that jurists of
20  reason would find it debatable whether the petition states a
21  valid claim of the denial of a constitutional right and that
22  jurists of reason would find it debatable whether the district
23  court was correct in any procedural ruling.  Slack v. McDaniel,
24  529 U.S. 473, 483-84 (2000).  In determining this issue, a court
25  conducts an overview of the claims in the habeas petition,
26  generally assesses their merits, and determines whether the
27
28        [2] Because Petitioner's claim is not cognizable, the Court has not addressed Petitioner's failure to name a proper respondent with day-to-day custody and control of Petitioner.

8

resolution was debatable among jurists of reason or wrong.  <u>Id.</u>
It is necessary for an applicant to show more than an absence of
frivolity or the existence of mere good faith; however, it is not
necessary for an applicant to show that the appeal will succeed.
<u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, the Court
should decline to issue a certificate of appealability.

IV.  <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED
without leave to amend because Petitioner has failed to state a
claim cognizable on habeas corpus; and

2)  The Court DECLINE to issue a certificate of
appealability; and

3)  The Clerk be DIRECTED to close the action because this
order terminates the proceeding in its entirety.

These findings and recommendations are submitted to the
United States District Court Judge assigned to the case, pursuant
to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
the Local Rules of Practice for the United States District Court,
Eastern District of California.  Within thirty (30) days after
being served with a copy, any party may file written objections

with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 4, 2011**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE